UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHARON WHITE,

    Plaintiff

vs.

CASE NO.:
JURY TRIAL DEMANDED

CORTLAND PARTNER, LLC, a
Domestic Limited Liability Comopany,

    Defendant,

_____

## COMPLAINT

Plaintiff, SHARON WHITE, by and through undersigned counsel hereby sues Defendant, CORTLAND PARTNER LLC, and shows the Court as follows:

## INTRODUCTION

1. This is an action for damages against CORTLAND PARTNER LLC for violations of a) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., which prohibits employment discrimination on the basis of race, color, religion, sex or national origin, or retaliation for exercising rights under this statute and b) the Age Discrimination in Employment Act of 1967

("ADEA"), 29 U.S.C. §§ 621 et seq., which prohibits employment discrimination against persons aged 40 and over, and/or retaliation for exercising such rights under this statute.

## JURISDICTION, PARTIES, & VENUE

2. Plaintiff is an individual over the age of eighteen years, and a resident of Dekalb County, Georgia.

3. Plaintiff is an African-American female over the age of forty.

4. Plaintiff worked for Defendant in Atlanta, Georgia.

5. Defendant is an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. §630(b), and it maintains an address at 3424 Peachtree Rd NE, Atlanta, GA 30326.

6. Defendant conducts business in Fulton County, Georgia.

7. At all times relevant to this lawsuit, Defendant has been engaged in an industry affecting commerce within the meaning of Title VII, and has employed more than 15 people for each working day in each of the 20 calendar weeks in the current or preceding calendar years.

8. Venue is proper in this Court because Defendant does business in Fulton County, Georgia and the conduct complained of occurred in Fulton County, Georgia.

9. The Court has subject matter jurisdiction over this action pursuant to the governing statutes of Title VII and 28 U.S.C. §§ 1331.

10. Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") which encompassed all of the claims asserted in the above-captioned Complaint.

11. Plaintiff received his Notice of Right to Sue 90 days prior to filing this suit, fulfilling any of administrative requirements prior to bringing this suit.

## FACTUAL BACKGROUND

12. Defendant hired Plaintiff on or around May 1, 2015.

13. Plaintiff worked for Defendant most recently as a Senior Property Accountant.

14. David Cypher assumed the role of Plaintiff's manager in February 2016.

15. Cypher routinely made sexist comments during meetings at work that indicated that the believed women to be less intellectual, and easier to manipulate, than men. His demeanor was intimidating and interfered with Plaintiff's ability to perform her position.

16. When new work assignments were distributed on May 17, 2016, Cypher assigned Plaintiff less than half the standard workload.

17. Plaintiff was then subjected to undue scrutiny in the performance of her duties by both Cypher and Assistant Property Controller Shawn Mayo.

18. On May 27, 2016, Cypher placed Plaintiff on an unwarranted performance improvement plan (PIP).

19. On June 20, 2016, Cypher terminated Plaintiff's employment without cause, allegedly due to company restructuring.

20. This was false because another property accountant had resigned on June 1, 2016, and so there was additional work to re-assign.

21. Plaintiff's position was subsequently filled with an employee who is not of her protected EEO categories, i.e. not African American women over the age of 40.

22. Further, other similarly situated colleagues who were not African American women over the age of 40 have suffered performance issues and been placed on performance improvement plans, and they are still employed at Cortland Partners.

23. During Plaintiff's employment, a number of the African-American employees have resigned under Cypher's leadership, and the average age of the employees has now dropped to roughly in the low thirties.

## CLAIMS FOR RELIEF

### COUNT I: Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq.,

24. Plaintiff re-alleges and incorporates the allegations of Paragraph No.'s 1-23 as if fully set forth herein.

25. Defendant's discriminatory practices of termination and hostile work environment of Plaintiff are in violation of Title VII of the Civil Rights Act of 1964.

26. Defendant's actions have deprived Plaintiff of equal employment opportunities and benefits due to her race and gender.

27. As a result of Defendant's actions, Plaintiff has suffered damages both monetary and non-monetary.

28. Plaintiff is entitled to equitable as well as monetary relief and attorney's fees from Defendant for violations of Title VII.

### COUNT II: Violations of Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 et seq.,

29. Plaintiff re-alleges and incorporates the allegations of Paragraph No.'s 1-23 as if fully set forth herein.

30. At the time of her unlawful termination, Plaintiff was over the age of forty.

31. Defendant replaced Plaintiff with a substantially younger, less-qualified employee.

32. Defendant refused to provide Plaintiff with the opportunities provided to younger employees.

33. Defendant's discriminatory practices of harassment and termination of Plaintiff due to her age has deprived her of equal employment opportunities, wages, retirement, and other benefits, and equal treatment in the terms and conditions of their employment, thus damaging Plaintiff in an amount to be proven at trial.

34. Defendant's discriminatory, and harassing acts were willful within the meaning of the ADEA, and Plaintiff is entitled to liquidated damages under 29 U.S.C. §626(b).

35. Plaintiff is entitled to equitable as well as monetary relief from Defendant for violations of the ADEA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays the Court will award the following relief:

a) The Court issue a Declaratory Judgment that determines that Defendant is in violation of Title VII and/or ADEA;

b) Plaintiff recover appropriate back pay, including reimbursement for lost salary, bonuses, incentive compensation and other benefits in amounts to be shown at trial;

c) The Court award compensatory and liquidated damages in an amount to be determined by a jury;

d) An award of attorney's fees, costs, and litigation expenses; and

e) Such other relief as the Court deems just and proper, and/or is allowable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues.

Respectfully submitted this 20th day of December, 2017.

Respectfully submitted,

**/s/ ADIAN R. MILLER**
Adian R. Miller, Esq.
Ga. Bar No.:  794647
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel:   (404)  496 7332
Fax:  (404)  496 7428
E-mail:     ARMiller@forthepeople.com
*Attorneys for Plaintiff*